| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Rybak Brothers Construction, LLC | Court File No._____ |
| Plaintiff, | SUMMONS |
| v. | |
| Wells Fargo Bank, N.A. | |
| Defendant. | |

**THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED AND REQUIRED serve upon Plaintiff's attorneys an answer to the Complaint that is herewith served upon you, within twenty (20) days after the service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Minn. Stat. § 543.22 you are further notified that under the Minnesota Rules of Practice, all civil cases are subject to Alternative Dispute Resolution (ADR) process, except for those actions enumerated in Minn. Stat. § 484.76 and Minnesota Rules of General Practice 111.01 and 310.01. The Court Administrator of the above-captioned Court can provide you with information about available ADR process and neutrals.

1


EXHIBIT A

Dated: 8/5/09

BOCK & BATTINA, LLP
By: _____
Michael H. Frasier (#387704)
Amanda M. Becker (#389671)
333 Washington Avenue North
Suite 404
Minneapolis, MN 55401
Phone (612) 465-0070
***Attorneys for Plaintiff***

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF RAMSEY** | **FOURTH JUDICIAL DISTRICT** |

Rybak Brothers Construction, LLC            Court File No._____

Plaintiff,                                                                  **COMPLAINT**

v.

Wells Fargo Bank, N.A.

Defendant.

---

Plaintiff, for its complaint against Defendant, states and alleges as follows:

### PRELIMINARY STATEMENT

This case evolves from a written contractual relationship between Rybak Brothers Construction, LLC ("Plaintiff" or "RBC") and Perry J. Fulton, Incorporated ("PJF"), owned and operated by Perry J. Fulton, as an independent contractor to RBC, and Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), PJF's corporate bank. As best as the facts available to RBC at present suggest, from mid to late 2007 through late 2008, and at the completion of RBC contracted jobs, PJF acting explicitly as RBC's agent deposited RBC funds into PJF's Wells Fargo accounts. While PJF had contractual responsibility to obtain invoice payments and provide them to RBC, neither PJF nor Wells Fargo had authorization to endorse or transact RBC's monies in any capacity. Despite the obvious differences between the explicit payee and the inapposite endorsee, Defendant still incorrectly, inappropriately and potentially fraudulently verified and deposited the full monetary value into PJF's Wells Fargo accounts to its, and PJF's benefit.

1

## PARTIES & JURISDICTION

1. Rybak Brothers Construction, LLC ("RBC") is a Limited Liability Company organized under chapter 322B whose principal place of business as listed with the Minnesota Secretary of State is 1116 Horseshoe Lane SE, New Prague, Le Sueur County, Minnesota 56071.

2. Wells Fargo Bank, N.A. ("Wells Fargo") is a domestic corporation whose registered agent in the State of Minnesota as listed with the Minnesota Secretary of State is Corporation Service Company 380 Jackson Street #700, St. Paul, Ramsey County, Minnesota 55101.

3. Jurisdiction is proper under MINN. STAT. § 484.01.

4. Venue is proper under MINN. STAT. § 542.01.

## FACTS

5. In July 2007 Plaintiff RBC and PJF, through Mr. Perry J. Fulton as the authorized principal of PJF, entered into a written agreement whereupon PJF was engaged as an independent contractor / agent of RBC.

6. Under the Agreement, as an independent sales contractor, one of PJF's responsibilities was to obtain payment from RBC's customers and deliver such payment, in whatever form, to RBC's business offices directly, as RBC's agent to receive but not transact payments.

7. RBC expressly did not authorize PJF to transact, endorse and/or deposit any payments it obtained related to the performance and/or completion of RBC jobs.

8. RBC expressly did not authorize PJF in any capacity to financially transact any payments PJF was involved with pursuant to the Agreement and established sales relationships that resulted in payments intended for RBC services that were endorsed to and drafted to payee RBC, nor to deposit any payments expressly intended for RBC in any other accounts.

2

9. In late spring of 2008, RBC became aware that it had not received payment for RBC's completed jobs for which PJF was responsible. The typical period between completion of a project and payment was six months, and RBC became concerned about the lack of payments for those completed jobs in late 2007 and early 2008, which led to this discovery.

10. RBC discussed the matter in April 2008 with PJF, who stated that it would look into the problem.

11. In late fall of 2008 RBC again inquired to PJF about the continued lack of payment from the PJF jobs from Fall of 2007.

12. In December of 2008, PJF, through its principal, orally admitted to RBC that it had inappropriately transacted multiple payments, RBC checks and endorsed to RBC insurance checks concerning the fall 2007 jobs that remained unpaid.

13. PJF admitted to RBC that it had inappropriately stamped PJF's corporate endorsement on the back of the payment checks, and then deposited the incorrectly endorsed checks in PJF's Wells Fargo bank accounts via nighttime automatic teller machine ("ATM") deposits.

14. On information and belief, Perry J. Fulton has confessed to committing the above-described acts and is currently being investigated by the New Prague Police Department, soon to be prosecuted by the appropriate authorities.

15. On information and belief, Defendant verified the endorsements of PJF on the checks made out to payee RBC.

16. Defendant deposited the full amount of each check made out to RBC into PJF's Wells Fargo accounts.

17. To this day, RBC has yet to receive any reimbursement for the checks that were deposited by PJF into Defendant's ATM's.

## COUNT I
## U.C.C. CONVERSION (MINN. STAT. 336.3-420)

18. Plaintiff restates and realleges each and every paragraph above as fully contained herein.

19. RBC received delivery of checks through delivery to its agent PJF.

20. PJF was not entitled to enforce the check or receive payment.

21. Wells Fargo made or obtained payment with respect to the checks to PJF.

22. As a direct and proximate result thereof, Plaintiff has been damaged in excess of $50,000.00.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1. Judgment against Defendant and in favor of Plaintiff on Count 1 above;

2. Award actual damages against the Defendant in an amount in excess of $50,000.00.

3. Award such other and further relief as the Court deems just and proper.

Dated: 8/5/09

BOCK & BATTINA, LLP

By: _____

Michael H. Frasier (#387704)
Amanda M. Becker (#389671)
333 Washington Avenue North
Suite 404
Minneapolis, MN 55401
Phone (612) 465-0070
*Attorneys for Plaintiff*

4

## ACKOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated: 8/5/09

BOCK & BATTINA, LLP
By: /s/

Michael H. Frasier (#0387704)
Amanda M. Becker (#0389671)
333 Washington Avenue North
Suite 404
Minneapolis, MN 55401
Phone (612) 465-0070
*Attorneys for Plaintiff*

5

## VERIFICATION

STATE OF MINNESOTA  )
                                       )
COUNTY OF LE SUEUR  )

Richard Rybak, having been duly sworn on oath deposes and says that he is the owner and President of Plaintiff, Rybak Brothers Construction, LLC; that he has read the attached Complaint; and that the same is true and correct to his knowledge, except as to matters therein stated on information and believe, as to such, he verily believes them to be true.

Date: 8/3/09

By: Rybak Brothers Construction, LLC
    Richard Rybak
Its: President

Subscribed and sworn before me on

this 3rd day of August, 2009.

STATE OF MINNESOTA  )
                                       ) ss
COUNTY OF LE SUEUR  )

Notary Public


DEBBIE A MENDEN
Notary Public
Minnesota
My Commission Expires January 31, 2010

6



Bock & Battina, LLP
Union Plaza 404
333 Washington Avenue North
Minneapolis, MN 55401

# First Class Mail

TO: Wells Fargo Bank, N.A.
c/o Corporation Service Company
380 Jackson Street #700
St. Paul, Minnesota 55101